IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Unula Boo Shawn Abebe, | ) | C/A No. 0:09-3111-MBS-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | **AND** |
| South Carolina Department of Corrections, | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The plaintiff, Unula Boo Shawn Abebe ("Abebe"), a self-represented state prisoner, filed this action pursuant to 42 U.S.C. § 1983 against the South Carolina Department of Corrections ("SCDC"). This civil rights matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for an Order and Report and Recommendation on a variety of pending motions, including the defendant's motion to dismiss. (Docket Entry 23.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Abebe of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendant's motion. (Docket Entry 25.) In response, Abebe filed a cross motion for summary judgment. (Docket Entry 35.) The defendants filed a response to Abebe's motion for summary judgment. (Docket Entry 41.) Having carefully reviewed the parties' submissions, the court finds that the defendant's motion (Docket Entry 23) should be granted.[1]

**BACKGROUND**

Abebe's Complaint contends that he has been wrongfully classified as a violent offender, resulting in his being housed at a maximum security prison. He claims that as a result, he has

---

[1] Also pending before the court are various motions filed by Abebe, including four motions to amend his Complaint. (Docket Entries 17, 30, 33, 34, 42, 43, 47, 51, 52, 57, 58.)

sustained assaults by another inmate and by prison staff, confiscation of personal property including his legal box, denial of medical care, unconstitutional conditions of confinement, deprivation of good time credits, disciplinary detention, and danger due to inadequate staffing. Abebe seeks money damages and costs, an order directing SCDC to return his property, an order directing the United States or South Carolina Attorney General[2] to investigate his claims of inadequate staffing, and discovery regarding SCDC's handling of his prison account.

**A.     Motion to Dismiss**

The defendant has moved for dismissal pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) examines whether the complaint fails to state facts upon which jurisdiction can be founded. It is the plaintiff's burden to prove jurisdiction, and the court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the plaintiff's complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243-44 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 94 (2007).

---

[2] The court observes that neither of these officials is a party to this case.

B.  **Defendant's Motion**

Abebe has named SCDC as the sole defendant in his Complaint. The defendant correctly asserts, however, that as a state agency, SCDC is immune from suit in federal court.

The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. art. XI. Sovereign immunity protects both the State itself and its agencies, divisions, departments, officials, and other "arms of the State." See Will v. Michigan Dep't of State Police, 491 U.S. 58, 70 (1989); see also Regents of the Univ. of California v. Doe, 519 U.S. 425, 429 (1997) ("[I]t has long been settled that the reference [in the Eleventh Amendment] to actions 'against one of the United States' encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities.").

As a state agency, SCDC is an arm of the State of South Carolina. See Will, 491 U.S. at 70. As such, the Eleventh Amendment protects SCDC from suit whether money damages or injunctive relief is sought. See Alabama v. Pugh, 438 U.S. 781, 782 (1978). Although exceptions to a state's sovereign immunity exist, none applies here. Cf. Virginia v. Reinhard, 568 F.3d 110, 115 (4th Cir. 2009) (discussing Congressional abrogation, waiver, and the Ex Parte Young stripping doctrine against state *officials* for prospective injunctive or declaratory relief to remedy ongoing violations of federal law) (citing Ex Parte Young, 209 U.S. 123 (1908)). Abebe's arguments that SCDC is subject to suit are inapposite, as SCDC is not a municipality. Cf. Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978) (holding that compensatory damages and equitable relief may be awarded against a municipality under § 1983 when the violation can be attributable to the enforcement of a municipal policy or practice).

## C. Abebe's Motions to Amend

Although Abebe has filed several motions to amend his Complaint, Abebe seeks in these motions to join additional defendants and assert new claims that are unrelated to those asserted in his Complaint. None of these amendments seeks to add any individual defendants that are alleged to have committed the violations described in the Complaint. Accordingly, to the extent the motions seek to add new defendants based upon unrelated claims, those motions are denied pursuant to Rule 20(a)(2), as those unrelated claims must be pursued in a separate action. To the extent Abebe seeks to "supplement" his Complaint against SCDC with additional factual allegations, his motion is denied as futile in light of the court's recommendation on SCDC's motion to dismiss. See Fed. R. Civ. P. 15; Foman v. Davis, 371 U.S. 178 (1962) (stating that leave to amend a pleading should be denied when the amendment would be futile).

## ORDER

For the reasons stated above, Abebe's motions to amend his Complaint are hereby denied. (Docket Entries 30, 33, 51, & 57.)

## RECOMMENDATION

Abebe's Complaint against SCDC must be dismissed for lack of subject matter jurisdiction due to the defendant's Eleventh Amendment immunity. Accordingly, the court recommends that the defendant's motion to dismiss (Docket Entry 23) be granted. In light of this recommendation, all other pending motions (Docket Entries 17, 34, 35, 42, 43, 47, 52, & 58) should be terminated.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

July 1, 2010
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).