Unula Booshawn Abebe, #285447 *former*
#84613,

        Plaintiff,

        vs.

South Carolina Department of Corrections,

        Defendant.

C/A No.: 0:09-3111-MBS

**ORDER**

Plaintiff Unula Booshawn Abebe is an inmate who is currently housed at the Lee Correctional Institution. On December 1, 2009, Plaintiff, appearing *pro se*, filed the within action pursuant to 42 U.S.C. § 1983 against the South Carolina Department of Corrections ("SCDC"). In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Robert S. Carr for pretrial handling. On December 22, 2010, Plaintiff filed a motion to amend the complaint, which was construed as an amended complaint in accordance with Fed. R. Civ. P. 15(a)(1)(B).[1] On January 25, 2010, Plaintiff filed a motion to disqualify Magistrate Judge Carr from presiding over this case. On January 13, 2010, Plaintiff was granted leave to proceed *in forma pauperis*. On February 4, 2010, SCDC filed a motion to dismiss. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court issued an order on February 5, 2010, advising Plaintiff of the procedure for motions to dismiss and the possible consequences if he failed to respond adequately.

On February 10, 2010, this case was reassigned to Magistrate Judge Paige J. Gossett. On

---

[1]    Federal Rule of Civil Procedure 15(a)(1)(B) permits a party to amend its pleading once as a matter of course within 21 days of the filing of a responsive pleading. In this case, a responsive pleading had not yet been filed.

February 11, 2010, Plaintiff filed a "Second Party Complaint" against an Officer Goffrey, which was construed as a motion to amend or correct his complaint under Fed. R. Civ. P. 15(a)(2).[2]  On February 18, 2010, Plaintiff filed a "Supplemental Complaint" against SCDC, which was also construed as a motion to amend or correct his complaint under Fed. R. Civ. P. 15.  On February 19, 2010, Plaintiff filed a motion for summary judgment.  On March 2, 2010, SCDC filed a response to Plaintiff's motion for summary judgment.  On April 14, 2010, Plaintiff, filed motion seeking leave to file the aforementioned "Supplemental Complaint" and "Second Party Complaint."  On June 1, 2010, Plaintiff filed a "Motion for Leave to File Third Party Complaint against New Defendant Judy Rabon to add her as a Defendant."

On July 2, 2010, the Magistrate Judge issued a Report and Recommendation recommending that SCDC's motion to dismiss be granted and that Plaintiff's motions to amend the complaint be denied.  On July 13, 2010, Plaintiff objected to the Magistrate Judge's Report and Recommendation. That same day, Plaintiff sent a letter to the clerk of court alleging that the Magistrate Judge and District Court Judge assigned to this case should recuse themselves because they are "basicly [sic] adverse parties in a judicial complaint case [Plaintiff] filed in the 4th circuit Court."

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight.  The responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976).  The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).  The district court is obligated to conduct

---

[2]  Federal Rule of Civil Procedure 15(a)(2) provides that after a party has amended as a matter of course or the time for amending as a matter of course has elapsed, a party may only amend its pleading with the opposing party's consent or leave from the court.

a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed.  *Id.*

## FACTS

Plaintiff's complaint contends that, as a nonviolent offender, he is being wrongfully housed in a maximum security prison.  Plaintiff further claims that the facility at which he is housed is understaffed, which has resulted in numerous injuries to Plaintiff including assault by another inmate, assault by prison staff, and the confiscation of his personal property.  Plaintiff also alleges that he has been denied medial care related to his assault by prison staff, subjected to unconstitutional conditions of confinement, and punished in violation of the Eighth Amendment.  Plaintiff's allegations as to cruel and unusual punishment include claims that he has been wrongfully denied good time credit, been subjected to disciplinary detention and put in cells unfit for habitation based upon a single violation while other inmates have received lesser punishments in similar circumstances.

Plaintiff seeks compensatory damages, nominal damages and punitive damages; as well as an order directing the return of his property, and directing that the United States Attorney General or the South Carolina Attorney General investigate inadequate staffing at Lee Correctional Institution.  Plaintiff also seeks discovery regarding SCDC's management of his prison account.

## DISCUSSION

In his objections, Plaintiff contends that: 1) it is improper for the undersigned and the Magistrate Judge to preside over this case because Plaintiff has filed judicial complaints against them; 2) sovereign immunity does not apply; and 3) his additional complaints were not amended complaints, but supplemental complaints, which Plaintiff alleges are permissible under the Federal

Rules of Civil Procedure.

I.     Recusal

Plaintiff has filed a judicial complaint against the undersigned and the Magistrate Judge alleging that 1) the undersigned has neglected her judicial duties in taking over seven months to rule on a Report and Recommendation in Civil Action Number 0:09-2469; 2) the Magistrate Judge neglects her judicial duties in taking three months to rule on requested injunctive relief in Civil Action Number 2:09-3111; 3) the undersigned does not understand the procedure related to supplemental pleadings; and 4) the undersigned is misusing the law for the purpose of dismissing Plaintiff's cases and claims.

A judge should recuse him or herself if the judge's "impartiality might reasonably be questioned." 28 U.S.C.A. § 455(a).  In addition, a judge must disqualify him or herself "[w]here he has a personal bias . . . concerning a party. . . ." *Id.* § 455(b)(1).  However, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994).

"With respect to a litigant having filed a complaint of judicial misconduct against the presiding judge, bias or impartiality cannot be inferred simply from that fact." *Woltz v. United States*, Nos. 3:08CV438-1, 3:06CR74, 2010 WL 330218, at *1 (W.D.N.C. Jan. 20, 2010) (citing *In re Mann*, 229 F.3d 657, 658 (7th Cir. 2000)). "'Indeed, if that were the rule, litigants displeased with Judge A's adverse rulings could easily manipulate the system by filing a misconduct complaint, thereby disqualifying Judge A from hearing the case, in the hopes that the case would then be assigned to Judge B who might be more sympathetic to their cause.'" *Id.* (citing *In re Mann*, 229 F.3d at 658).  The Fourth Circuit has ruled that "a presiding judge is not required to recuse [him or

herself] because of 'unsupported, irrational or highly tenuous speculation.'" *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003) (citing *United States v. DeTemple*, 162 F.3d 279, 287 (4th Cir. 1998)). The test to be applied is "whether another with knowledge of all of the circumstances might reasonably question the judge's impartiality." *Id.*

The Fourth Circuit has found that a delay of seven months is not undue. *See In re Massey*, 82 F.3d 410 (Table), 1996 WL 176284 (4th Cir. April 16, 1996) (finding that a nine month delay is not undue). In addition, to the extent that Plaintiff's contends that the undersigned has misapplied the rules of civil procedure in prior cases, Plaintiff may exercise his right to an appeal to the Fourth Circuit. Plaintiff's allegation that the undersigned and the Magistrate Judge's rulings in this and other cases are based on personal bias amounts to no more than unsupported speculation. The undersigned will not recuse herself from this case merely because Plaintiff does not agree with certain rulings of this court.

II.     Sovereign Immunity

Plaintiff questions the application of sovereign immunity in this case alleging that § 1983 "was designed to expose state and local officials to a new form of liability," and that "it would defeat the promise of the statute to recognize any preexisting [common law concept]." Entry 63 at 1 (brackets in original). However, the Supreme Court, in addressing the effect of the Eleventh Amendment[3] in § 1983 actions has ruled that § 1983 "does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." *Will v. Michigan Dep't*

---

[3]     The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI.

*of State Police*, 491 U.S. 58, 66 (1989). The Eleventh Amendment has been construed to preserve the sovereign immunity not only of the States, but also to state agents and instrumentalities. *Cash v. Granville County Bd. of Educ.*, 242 F.3d 219, 222 (4th Cir. 2001) (citing *Regents of the Univ. of California v. Doe,* 519 U.S. 425, 429 (1997). SCDC is an agency of the state, and as such, is immune from suit in federal court. *See* U.S. CONST. amend. XI; *Will*, 491 U.S. at 66.

Plaintiff also objects to the application of sovereign immunity in this case by questioning the application of sovereign immunity to state agencies, but not municipalities. While Plaintiff may feel that the treatment of municipalities and state agencies under the Eleventh Amendment is inconsistent, this is the law of the land as articulated by the Supreme Court. In *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), the Supreme Court found that Congress intended § 1983 to apply to municipalities and other local government units when official municipal policy caused the violation. *Id.* at 690-91. This ruling distinguishes municipalities from States and state agencies, which are immune from suit under § 1983. *See Will*, 491 U.S. at 66. Municipalities are distinguishable from state agencies because they are political subdivisions of the states and are thus more closely tied with local government as opposed to state government. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, n.16 (1996) (stating that municipalities are political subdivisions of the states).

III.    Supplemental Complaints

Plaintiff objects to the Magistrate Judge's denial of his motions to amend his complaint in this case. Plaintiff contends that he did not seek to amend his complaint, but to supplement it with new allegations, which, he appears to argue, is permissible under the Federal Rules of Civil Procedure.

Plaintiff's "Supplemental Complaint" (Entry 33) seeks to allege additional allegations against

SCDC based upon 1) SCDC's alleged failure to give Plaintiff proper medical treatment for a rash; 2) Plaintiff being provided with moldy bedding; 3) SCDC's alleged failure to allow Plaintiff to pursue an appeal of a court order sufficiently; 4) Plaintiff's inability to access the text of 42 U.S.C. § 1983 because the book is missing from the law library; and 5) SCDC's policy prohibiting Plaintiff from mail ordering pornography, which Plaintiff alleges leads to increased sexual violations by inmates.  The court, having reviewed the Report and Recommendation of the Magistrate Judge concurs that because sovereign immunity prevents Plaintiff from filing a suit against SCDC under § 1983, Plaintiff's "Supplemental Complaint" against SCDC would be futile and therefore should be denied.  *See* Fed. R. Civ. P. 15; *Foman v. Davis*, 371 U.S. 178 (1962) (leave to amend a pleading should be denied if the amendment would be futile).

Plaintiff's "Second Party Complaint" (Entry 30)[4] and "Third Party Complaint" (Entry 57) seek to make new claims against parties not named in this suit. Federal Rule of Civil Procedure 20 governs the joinder of parties in a case.  Rule 20(a)(2) provides:

Persons . . . may be joined in one action as defendant if:

(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(B) any question of law or fact common to all defendants will arise in the action.

*Id.*  Rule 15(c) of the Federal Rules of Civil Procedure governs amendments to pleadings.  Rule 15(c)(1)(B) provides: "An amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction or

---

[4]     Entry 51 is a motion filed by Plaintiff seeking leave to file his "Supplemental Complaint" and "Second Party Complaint."

occurrence set out . . . in the original pleading." *Id.*

In the "Second Party Complaint, Plaintiff seeks to make constitutional claims against an Officer Goffrey for denying him an opportunity to bathe because he did not turn in his sheets to be laundered. Plaintiff contends that he did not turn in his sheets because he had none due to the confiscation of his sheets by SCDC personnel. This claim is sufficiently related to Plaintiff's amended complaint (Entry 8) in that the amended complaint deals with the confiscation of Plaintiff's sheets. Courts are to grant leave to amend pleadings "when justice so requires." Fed. R. Civ. P. 15 (a)(2). The court grants Plaintiff leave to file his "Second Party Complaint."

In the "Third Party Complaint" Plaintiff seeks to make claims against a Judy Rabon for the denial of medical treatment which appears to be related to Plaintiff's allegations on his proposed "Supplemental Complaint," which is related to the treatment of a rash. This amendment is unrelated to any of the claims in Plaintiff's original and first amended complaints. As such, Plaintiff must file a separate suit to allege these claims pursuant to Fed. R. Civ. P. 15 and 20.[5]

## CONCLUSION

Defendant SCDC's motion to dismiss (Entry 23) is **granted.** Plaintiff's motion to amend his complaint to add additional claims against SCDC by filing his "Supplemental Complaint" is **denied as futile.** Entry 33. Plaintiff's motion to file his "Second Party Complaint" is **granted.** Entry 30. Plaintiff's motion seeking leave to file his "Supplemental Complaint" and his "Second Party Complaint" (Entry 51) is thus denied to the extent that Plaintiff seeks to file his "Supplemental Complaint" against SCDC, but granted to the extent that Plaintiff seeks to file his "Second Party

---

[5] Plaintiff indicated in his filing that he is "not against filing another lawsuit separate from this one." Entry 57 at 1.

Complaint" to add Officer Goffrey as a party to the case. Plaintiff's motion to amend his complaint by filing his "Third Party Complaint" is **denied**. Entry 57. To the extent Plaintiff wishes to add new claims, he must file a new complaint in a separate action. This case is recommitted to the Magistrate Judge for further pre-trial handling.

   **IT IS SO ORDERED**.

s/ Margaret B. Seymour
The Honorable Margaret B. Seymour
United States District Judge

Columbia, South Carolina
July 26, 2010