IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Unula Boo Shawn Abebe, ) | C/A No. 0:09-3111-MBS-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Officer Goffrey, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff Unula Boo Shawn Abebe, a self-represented state prisoner, filed this action pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on Abebe's motions for default judgment. (ECF Nos. 86 & 98.) The defendant filed responses to Abebe's motions. (ECF Nos. 91 & 100.) Having carefully reviewed the parties' submissions, the court finds that Abebe's motions should be denied.

Abebe's first motion asserts that the defendant was served on August 18, 2010 with the Summons and Complaint, but failed to timely file an answer. (ECF No. 86.) In response, the defendant points out that an Answer to Abebe's Second Amended Complaint had already been filed with the court on August 10, 2010. (ECF No. 91; see Answer, ECF No. 74.) Abebe then filed a second motion for default in which he argues that the defendant's Answer "was filed prematurely" and therefore he is entitled to a default judgment. (ECF No. 98.)

Federal Rule of Civil Procedure 55(a) clearly states that the court must enter a party's default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." The court also notes that, as a general matter, the law disfavors default

*PJG*

judgments.  <u>Tazco, Inc. v. Dir., Office of Workers Comp. Program, U.S. Dep't of Labor</u>, 895 F.2d 949, 950 (4th Cir. 1990).  As the defendant has filed an Answer to Abebe's Second Amended Complaint, Abebe cannot show that the defendant has "failed to plead or otherwise defend."  Fed. R. Civ. P. 55(a).  Therefore, default judgment is not appropriate.

## RECOMMENDATION

Accordingly, the court recommends that Abebe's motions for default (ECF Nos. 86 & 98) be denied.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

January 19, 2011
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).