IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Unula Boo Shawn Abebe,<br><br>      Plaintiff,<br><br>v.<br><br>Officer Goffrey,<br><br>      Defendant.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   C/A No. 0:09-3111-MBS-PJG<br><br><br><br>**REPORT AND RECOMMENDATION** |

  Plaintiff Unula Boo Shawn Abebe ("Abebe"), a self-represented state prisoner, filed this action pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights. In his Second Amended Complaint,[1] Abebe essentially complains that Defendant Goffrey[2] subjected him to cruel and unusual punishment when he denied Abebe a shower on February 5, 2010 in accordance with a policy instituted in the Special Management Unit ("SMU") in which inmates are required to turn in their sheets for laundering or else be denied a shower. He claims that Defendant Goffrey was aware that Abebe was not in possession of sheets to turn in and nevertheless denied him a shower.

  This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the defendant's motion for summary judgment. (ECF No. 95.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Abebe

---

[1] By Order dated August 13, 2010, Defendant South Carolina Department of Corrections's ("SCDC") motion to dismiss was granted. (ECF No. 78.) Accordingly, to the extent that Abebe's Second Amended Complaint raises or realleges claims against Defendant SCDC, the court need not address these claims.

[2] The parties disagree as to the correct spelling of the defendant's last name. The court therefore notes that the record contains references to the defendant as "Goffrey," "Godfry," and "Godfrey."

Page 1 of 8



was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendant's motion. (ECF No. 96.) Abebe did not respond to the motion, and the court filed a second order giving Abebe an additional fourteen (14) days in which to file his response to the defendant's motion for summary judgment. (ECF No. 110.) Abebe subsequently filed objections to the court's January 19, 2011 Report and Recommendation, but this filing did not address the defendant's motion. (ECF No. 115.) For the reasons discussed below, the court concludes that the defendant's motion should be granted.

## DISCUSSION

**A.     Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the



entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Abebe's Claims**

   **1.     Exhaustion of Administrative Remedies**

As an initial matter, the defendants correctly assert that Abebe's Second Amended Complaint should be dismissed for failure to exhaust his administrative remedies. A prisoner must exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), specifically 42 U.S.C. § 1997e(a). Section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other



wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). To satisfy this requirement, a plaintiff must avail himself of every level of available administrative review. See Booth v. Churner, 532 U.S. 731 (2001). Those remedies neither need to meet federal standards, nor are they required to be plain, speedy, and effective. Porter, 534 U.S. at 524 (quoting Booth, 532 U.S. at 739). Satisfaction of the exhaustion requirement requires "using all steps that the agency holds out, and doing so *properly*." Woodford v. Ngo, 548 U.S. 81, 90 (2006) (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)) (emphasis in original). Thus, "it is the prison's requirements, and not the [Prison Litigation Reform Act], that define the boundaries of proper exhaustion." Jones v. Bock, 549 U.S. 199, 218 (2007). The defendants have the burden of establishing that a plaintiff failed to exhaust his administrative remedies. Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 683 (4th Cir. 2005).

Pursuant to South Carolina Department of Corrections ("SCDC") policy, an inmate seeking to complain of prison conditions must first attempt to informally resolve his complaint. Next, an inmate may file a "Step 1 Grievance" with designated prison staff. If the Step 1 Grievance is denied, the inmate may appeal to the warden of his facility via a "Step 2 Grievance." Here, Abebe does not dispute that he never even commenced the grievance process with regard to his claims. Instead, he contends in his Second Amended Complaint that "[t]he administrative remedy procedure of [SCDC] is insufficient to the extent that it 'does not' provide the type of relief sought in this complaint e.g. punitive, nominal, compensatory damages exceeding the amount of $150.00. Therefore this civil rights action raises issues that cannot, in all probability, be resolved by [the] prison grievance resolution system." (2d Am. Compl., ECF No. 68 at 1.) This argument is without merit. Exhaustion is required even when a prisoner seeks remedies, such as money damages, that are not available in

the administrative proceedings. See Booth, 532 U.S. at 740-41. Furthermore, Abebe has made no allegation demonstrating that he was prevented from instituting a grievance regarding his claim. Cf. Hill v. O'Brien, No. 09-6823, 2010 WL 2748807 (4th Cir. July 12, 2010) (unpublished); Hill v. Haynes, No. 08-7244, 2010 WL 2182477 (4th Cir. June 2, 2010) (unpublished).

### 2. Official Capacity Claims

Even if Abebe's claims were properly exhausted, the defendants correctly assert that Defendant Goffrey, to the extent he is sued in his official capacity, is immune from suit. (See ECF No. 95-1 at 7-8.) The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. art. XI. Sovereign immunity protects both the State itself and its agencies, divisions, departments, officials, and other "arms of the State." See Will v. Michigan Dep't of State Police, 491 U.S. 58, 70 (1989); see also Regents of the Univ. of California v. Doe, 519 U.S. 425, 429 (1997) ("[I]t has long been settled that the reference [in the Eleventh Amendment] to actions 'against one of the United States' encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities.").

Although a State may waive sovereign immunity, Lapides v. Board of Regents, 535 U.S. 613 (2002), the State of South Carolina has specifically denied this waiver for suit in federal district court. See S.C. Code Ann. § 15-78-20(e). Moreover, it has long been recognized that arms of the State are not "persons" for purposes of § 1983. Will, 491 U.S. at 70-71. Accordingly, Abebe's claims against Defendant Goffrey in his official capacity fail as a matter of law.

3.  **Conditions of Confinement**

Even if Abebe's claims did not fail for the reasons stated above, he has failed to show a constitutional violation with regard to his claim that Defendant Goffrey denied him a shower. "The Constitution does not mandate comfortable prisons;" however, "the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (internal quotations and citations omitted). To state a claim that conditions of confinement violate constitutional requirements, "a plaintiff must show 'both (1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials.' " Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993) (quoting Williams v. Griffin, 952 F.2d 820, 824 (4th Cir. 1991)). To demonstrate that the conditions deprived him of a basic human need, a plaintiff must allege that officials failed to provide him with humane conditions of confinement, such as "adequate food, clothing, shelter, and medical care, and [taking] reasonable measures to guarantee the safety of the inmates." Farmer, 511 U.S. at 832. As to the second prong, a prison official is deliberately indifferent if he has actual knowledge of a substantial risk of harm to a prisoner and disregards that substantial risk. Id. at 847; see also Parrish v. Cleveland, 372 F.3d 294, 302 (4th Cir. 2004) (stating the standard of deliberate indifference requires actual knowledge and disregard of a substantial risk of serious injury). Further, a plaintiff must demonstrate that he suffered a serious or significant physical or mental injury as a result of the challenged condition. See Strickler, 989 F.2d at 1380-81.

In the case at bar, Defendant Goffrey has presented evidence showing that Abebe was, in fact, denied a shower on February 5, 2010 and again on February 10, 2010 because Abebe did not turn in his sheets for laundering. (SMU Daily Evaluation Sheet, ECF No. 95-2.) However, as Defendant



Goffrey correctly argues, Abebe has not alleged that he suffered any harm from the deprivation of a shower. (See ECF No. 95-1 at 6); Strickler, 989 F.2d at 1380-81; see also 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."). Accordingly, Defendant Goffrey is entitled to summary judgment on this claim.

### 4.     Other Allegations

To the extent that Abebe's Second Amended Complaint may be construed to allege any other constitutional violations, the court finds that Abebe has failed to plead sufficient facts to state a plausible claim. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009). Further, to the extent that Abebe's Second Amended Complaint could be construed to state additional claims under state law, the court should decline to exercise supplemental jurisdiction over those claims. See 28 U.S.C. § 1367(c).

### RECOMMENDATION

All of Abebe's federal claims fail as a matter of law. Accordingly, the court recommends that the defendant's motion for summary judgment (ECF No. 95) be granted.

                                                                                      /s/ Paige J. Gossett
                                                                                      Paige J. Gossett
                                                                                      UNITED STATES MAGISTRATE JUDGE

February 14, 2011
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).