UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Unula Booshawn Abebe, #285447 *former* #84613, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>Officer Goffrey, )<br>)<br>Defendant. )<br>) | C/A No.: 0:09-3111-MBS<br><br><br><br>**ORDER** |

Plaintiff Unula Booshawn Abebe is an inmate who is currently housed at the Broad River Correctional Institution. On December 1, 2009, Plaintiff, appearing *pro se*, filed the within action pursuant to 42 U.S.C. § 1983 against the South Carolina Department of Corrections ("SCDC"). In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Robert S. Carr for pretrial handling. On February 10, 2010, this case was reassigned to Magistrate Judge Paige J. Gossett. On July 26, 2010, the court dismissed SCDC from this case on sovereign immunity grounds, but granted Plaintiff leave to join Officer Goffrey as a party to this case, and file an amended complaint.

On July 27, 2010, Plaintiff's "Second Party Complaint" was filed. On July 29, 2010, a summons was issued for Officer Goffrey. On August 10, 2010, Officer Goffrey answered the "Second Party Complaint." On August 18, 2010, Officer Goffrey was served with the summons. On October 13, 2010, Plaintiff filed a motion for default judgment. On November 1, 2010, Officer Goffrey responded to Plaintiff's motion for default judgment. On December 9, 2010, Officer Goffrey filed a motion for summary judgment. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court issued an order on December, 2010, advising Plaintiff of the procedure for

motions for summary judgment and the possible consequences if he failed to respond adequately. On December 13, 2010, Plaintiff filed a second motion for default judgment. On December 15, 2010, Officer Goffrey responded to Plaintiff's second motion for default judgment.

On January 19, 2011, the Magistrate Judge issued a Report and Recommendation recommending that Plaintiff's motions for default judgment be denied because Officer Goffrey had responded to the complaint and the law does not favor default judgments. That same day, the Magistrate Judge entered a text order requiring Plaintiff to advise the court "as to whether he wishes to continue with this case and to file a response to the defendant's motion for summary judgment within fourteen (14) days from the date of [the] order." Entry 110. On February 1, 2011, Plaintiff filed objections to the Magistrate Judge's Report and Recommendation on his motion for default judgment. On February 14, 2011, having received no response from Plaintiff with regard to Officer Goffrey's motion for summary judgment, the Magistrate Judge issued a Report and Recommendation recommending that Officer Goffrey's motion for summary judgment be granted.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315

(4th Cir. 2005).

**FACTS**

Plaintiff alleges that on February 3, 2010, while he was housed in the special management unit, he was advised that if he did not turn in his sheets to be washed, he would be denied a shower or recreation. Plaintiff alleges that he did not turn in any sheets because he had none to turn in, and so advised SCDC staff. Plaintiff alleges that Officer Goffrey, who knew Plaintiff had no sheets, denied Plaintiff a shower because he did not turn in any sheets. Plaintiff alleges that this was a violation of SCDC policy which gives him the right to bathe three times per week. Plaintiff alleges that the denial of a shower is the denial of a "human need." Entry 68 at 2. Plaintiff seeks an award of punitive damages, compensatory damages, nominal damages, and costs. Plaintiff also seeks the "civil arrest of defendant Officer Goffrey for official misconduct and for violation of the Constitution and Human rights." Entry 68 at 3.

Plaintiff claims that this action cannot be resolved by the prison grievance system because the administrative remedies available to him through SCDC are "insufficient to the extent that it [sic] 'does not' provide the type of relief sought in this complaint e.g. punitive, nominal, compensatory damages exceeding the amount of $150.00." Entry 68 at 1. Plaintiff also claims that the SCDC grievance system can take up to 120 days to resolve an issue, and over a month just for a step one grievance.

**DISCUSSION**

I.   Default Judgment

Plaintiff objects to the Magistrate Judge's recommendation that his motions for default judgment be denied. Plaintiff contends that Officer Goffrey is in default despite having filed an

answer to Plaintiff's Second Party Complaint because Officer Goffrey "didn't respond to the complaint after it was served and within the prescribed time." Entry 115 at 1. The court disagrees.

Rule 55 of the Federal Rules of Civil Procedure authorizes the entry of a default judgment when a defendant "fails to plead or otherwise defend." *Id.* Rule 55 states in its entirety:

> **Rule 55. Default; Default Judgment**
>
> **(a) Entering a Default.** When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.
>
> **(b) Entering a Default Judgment.**
>
> > **(1) By the Clerk.** If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk--on the plaintiff's request, with an affidavit showing the amount due--must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
> >
> > **(2) By the Court.** In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to:
> >
> > > (A) conduct an accounting;
> > >
> > > (B) determine the amount of damages;
> > >
> > > (C) establish the truth of any allegation by evidence; or
> > >
> > > (D) investigate any other matter.
>
> **(c) Setting Aside a Default or a Default Judgment.** The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b).

> **(d) Judgment Against the United States.** A default judgment may be entered against the United States, its officers, or its agencies only if the claimant establishes a claim or right to relief by evidence that satisfies the court.

*Id.* Rule 55 contains no requirement that in order to defend, a party must answer a complaint subsequent to service of process. In answering the complaint prior to service, Officer Goffrey did not fail to "plead or otherwise defend" this action as is required for the entry of default under Rule 55. Fed. R. Civ. P. 55(a). In addition, default judgments are disfavored because the Federal Rules of Civil Procedure encourage dispositions of claims on their merits. *United States v. Moradi*, 673 F.2d 725 (4th Cir. 1982). Plaintiff is not entitled to default judgment against Officer Goffrey.

II.     Summary Judgment

Plaintiff filed no objection to the Report and Recommendation with regard to Officer Goffrey's motion for summary judgment. The court has carefully reviewed the record and concurs in the recommendation of the Magistrate Judge that Officer Goffrey's motion for summary judgment should be granted. *Diamond*, 416 F.3d at 315.

## CONCLUSION

The court adopts both of the Magistrate Judge's Report and Recommendations and incorporates them herein by reference. Plaintiff's motions for default judgment (Entries 86 and 98) are **denied.** Defendant's motion for summary judgment (Entry 95) is **granted.**

**IT IS SO ORDERED**.

                                                    s/ Margaret B. Seymour
                                                    The Honorable Margaret B. Seymour
                                                    United States District Judge

April 6, 2011

Columbia, South Carolina